JAP:DG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

16M 49

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

RICARDO CACERES,

        Defendant.

- - - - - - - - - - - - - - - X

COMPLAINT

(T. 49, U.S.C., § 46506(1))

EASTERN DISTRICT OF NEW YORK, SS:

     JANET AMBRISCO, being duly sworn, deposes and states that she is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

     Upon information and belief, on or about January 16, 2016, the defendant RICARDO CACERES, while being an individual on an aircraft in the special aircraft jurisdiction of the United States, did commit an act, to wit: sexual contact, that, if committed in the special maritime and territorial jurisdiction of the United States, would violate Chapter 109A of Title 18 of the United States Code, to wit, Section 2244(b) of Title 18 of the United States Code.

     (Title 49, United States Code, Section 46506(1))

2

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I have been employed as a Special Agent by the Federal Bureau of Investigation ("FBI") for approximately eighteen years and assigned to the FBI's airport squad for the past ten years. As such, I investigate violations of federal law that occur within the airport environment and aboard aircrafts.

2. On January 16, 2016, a male passenger (hereinafter, the "passenger"), who had been aboard Hawaiian Airlines Flight No. 50 from Honolulu, Hawaii to John F. Kennedy International Airport ("JFK") in Queens, New York, reported to me that the defendant RICARDO CACERES engaged in unwanted and non-consensual sexual contact with him during the course of the flight.

3. The passenger advised the following, in substance and in part:

   a. On or about January 15, 2016, the passenger and his wife boarded Flight No. 50, an overnight flight from Honolulu, Hawaii to JFK. The passenger was in seat 26B, the middle seat in a row of three seats. The passenger's wife was in seat 26A (the window seat) and the defendant was in seat 26C (the aisle seat).

   b. The defendant had multiple alcoholic beverages during the flight.

   c. During the flight, the defendant reached over and touched the passenger on his chest, belt and groin.[2]

   d. The passenger asked the defendant what he was doing.

   e. The defendant then removed his pants and started masturbating.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] Although the flight departed from Hawaii on January 15, 2016, this conduct occurred early in the morning on January 16, 2016.

    f. The passenger and his wife both saw the defendant fully exposed, after which the passenger notified the flight crew.

    g. Two members of the flight crew responded, observed the defendant fully exposed with his pants off and instructed him to put his clothing back on, which the defendant did.

4. The passenger, his wife, and the two members of the flight crew all observed the defendant with his pants off after the sexual contact described above.

5. It is my understanding that the plane on which defendant RICARDO CACERES was flying is a "civil aircraft of the United States," pursuant to 49 U.S.C. § 46501(2)(a). It is further your deponent's understanding that the plane in question was "in flight," as defined in 49 U.S.C. § 46501(1), during the events described herein.

WHEREFORE, your deponent respectfully requests that the defendant RICARDO CACERES be dealt with according to law.

_____
JANET AMBRISCO
Special Agent
Federal Bureau of Investigation

Sworn to me before this
17th day of January, 2016

S/ Victor Pohorelsky
_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK